UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLORES LARKIN,           )
                          )
         Plaintiffs,      )    Case No.
                          )
v.                        )    **JURY TRIAL REQUESTED**
                          )
MONSANTO COMPANY,         )    CV 08  1638  CRB
PFIZER, INC.,             )    MDL #1699
PHARMACIA CORPORATION, AND)
G.D. SEARLE LLC.,         )
                          )
         Defendants.      )

## PETITION

COMES NOW plaintiff Dolores Larkin, and for her Petition, states and alleges as follows:

1. This is a civil action brought on behalf of plaintiff for personal injuries sustained after using Celebrex. Plaintiff was prescribed and used the prescription medication. This action seeks monetary damages for the personal injuries of plaintiff caused by the drugs named herein and ingested by plaintiff.

## PARTIES

2. At all times relevant hereto, Plaintiff Dolores Larkin was an adult resident of Danvers, Massachusetts.

3. Defendant Monsanto Company (hereinafter "defendant" Monsanto"), is a Delaware corporation with its principal place of business in St. Louis, Missouri. At all times relevant hereto, Monsanto was in the business of designing, testing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex. For purposes of federal diversity jurisdiction, Monsanto is a citizen of the State of Missouri.

4. Defendant G. D. Searle LLC. (hereinafter "defendant Searle") is a subsidiary of Pharmacia Corporation, and is a Delaware Corporation, with its principal place of business in Illinois. At all times relevant hereto, defendant Searle was in the business of designing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex.

5. Defendant Pharmacia Corporation (hereinafter "defendant Pharmacia") is a Delaware Corporation licensed and registered to do business in California. At all times relevant hereto, defendant Pharmacia was in the business of designing, testing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex.

6. Defendant Pfizer Inc. (hereinafter "defendant Pfizer") is a Delaware corporation, and at all times relevant hereto, defendant Pfizer was in the business of designing, testing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex. Defendant Pfizer is licensed and registered to do business in California.

## JURISDICTION AND VENUE

7. Plaintiff seeks in excess of $75,000, excluding costs and interest. This Court has jurisdiction of this matter under 28 U.S.C. 1332.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because defendants are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. Celebrex is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendants Searle, Pharmacia, Monsanto and Pfizer (hereinafter "defendants") did manufacture, design, test, package, market and distribute this drug. Defendants encouraged the use of this drug in improper customers, misrepresented the safety and efficacy of this drug and concealed or understated its dangerous side effects. These

defendants aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. These defendants did this to increase sales and profits.

10. At all times relevant hereto, defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to plaintiff, and therefore punitive damages are appropriate.

11. This Petition seeks redress for damages sustained by plaintiff resulting from plaintiff's use of Celebrex, manufactured and sold by defendants, including medical bills, lost wages, and pain and suffering.

12. Plaintiff Dolores Larkin was prescribed, and taking Celebrex on or before April 5, 2005, when plaintiff suffered a myocardial infarction.

13. The damages sought herein are the direct and proximate result of defendants' wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Celebrex.

14. At all times relevant hereto, defendants were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing

3

the pharmaceutical drug Celebrex throughout the United States.

15.     Had defendants properly disclosed the risks associated with using Celebrex, plaintiff would not have taken it for treatment of pain.

## COUNT I
## NEGLIGENCE

16.     Plaintiff repeats and realleges each of the allegations contained in this Petition.

17.     Defendants, directly or indirectly, negligently and/or defectively designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed the drug Celebrex.

18.     At all times material hereto, defendants had a duty to users and/or consumers of Celebrex, including plaintiff, to exercise reasonable care in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sale, packaging, supply and/or distribution of Celebrex.

19.     Defendants breached that duty and were negligent in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sale, packaging, supply and/or distribution of Celebrex in that: Celebrex was defective when put on the market by defendants; that with such defect, Celebrex was reasonably certain to be dangerous when put to normal use; and that defendants failed to use reasonable care in designing or making Celebrex or in inspecting it for defects. Specifically, defendants breached their duty by, among other things:

  a.    Failing to include adequate warnings that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, to the potential risks and serious side effects of the drug;

4

    b.    Failing to adequately and properly test and inspect the drug before placing the drug on the market;

    c.    Failing to conduct sufficient testing and inspection of the drug which, if properly performed, would have shown that the drug had serious side effects, including, but not limited to, heart attack, stroke and/or death.

    d.    Failing to adequately warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, of the potential risks and other serious side effects associated with the drug, including, among other things, heart attack, stroke and/or death;

    e.    Failing to provide adequate post-marketing warnings or instructions after defendants knew or should have known of the significant risks associated with the use of the drug;

    f.    Failing to recall and/or remove the drug from the stream of commerce despite the fact that defendants knew or should have known of the defective and unreasonably dangerous nature of the drug, including the significant health risks associated with the use of the drug;

    g.    Encouraging misuse and overuse while failing to disclose the side effects of the drug to the medical, pharmaceutical and/or scientific communities, and users and/or consumers, including plaintiff, in order to make a profit from sales.

20.    Defendants knew or should have known that Celebrex caused unreasonably dangerous risks and serious side effects of which users and/or consumers of the drug, including plaintiff, were not aware. Defendants nevertheless advertised, promoted, marketed, sold, distributed and/or supplied Celebrex knowing that there were safer methods for pain relief.

21.    As a direct, legal, proximate and producing result of the negligence of defendants,

plaintiff sustained injury and damages.

22.  By reason of the foregoing, plaintiff was damaged by the negligence and wanton and willful recklessness of the defendants.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT II
## STRICT PRODUCTS LIABILITY
## DEFECTIVE DESIGN

23.  Plaintiff repeats and realleges each of the allegations contained in this Petition.

24.  At all times material hereto, defendants have engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the drug Celebrex, which is defective and unreasonably dangerous to users and/or consumers of the drug, including plaintiff.

25.  At all times material hereto, Celebrex was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by defendants in a defective and unreasonably dangerous condition in ways which include, but are not limited to, one or more of the following:

   a.  When placed in the stream of commerce, the drug contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used,

6

     thereby subjecting users and/or consumers of the drug, including plaintiff, to risks which exceeded the benefits of the drug;

  b.  The drug was insufficiently tested;

  c.  The drug caused harmful side effects that outweighed any potential utility;

  d.  The drug was not accompanied by adequate labeling or instructions for use to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, of the potential risks and serious side effects associated with its use;

  e.  In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that Celebrex should not have been marketed in that condition.

26. At all times the drug Celebrex was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed, it was expected to reach, and did reach, users and/or consumers of the drug across the United States, including plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was sold.

27. At all times, plaintiff used Celebrex for its intended or reasonably foreseeable purpose.

28. As a direct, legal, proximate and producing result of the defective and unreasonably dangerous condition of Celebrex, plaintiff sustained injury and damages.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT III
## STRICT PRODUCTS LIABILITY
## FAILURE TO WARN

29.  Plaintiff repeats and realleges each of the allegations contained in this Petition.

30.  Celebrex was defective and unreasonably dangerous when it left the possession of defendants in that it contained warnings insufficient to alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, to the dangerous risks and reactions associated with Celebrex when used for its intended or reasonably foreseeable purpose. Those dangerous risks and reactions included, but were not limited to, heart attack, stroke and/or death and other serious and life threatening side effects.

31.  At all times, plaintiff used the drug for its intended or reasonably foreseeable purpose.

32.  Plaintiff could not have discovered any defect in the drug through the exercise of care.

33.  Defendants, as manufacturers and sellers of a prescription drug, are held to the level of knowledge of an expert in the field.

34.  The warnings that were given by defendants were not accurate or clear and/or were ambiguous.

35.  Defendants had a continuing duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, of the potential risks and serious side effects associated with the use of Celebrex.

36.  As a direct, legal, proximate and producing result of defendants' failure to warn, plaintiff sustained injury and damages.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment

8

interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY

37. Plaintiff realleges all prior paragraphs of this Petition as if fully set out herein.

38. Defendants made express representations to the consuming public at large through their aggressive marketing and advertising campaigns relative to their product, Celebrex.

39. Defendants through their detail sales representatives, made representations of the safety and efficacy of their product, Celebrex.

40. Celebrex does not conform to the express representations made through defendants' advertising and marketing efforts.

41. Celebrex does not conform to the express representations made by defendants' agents/sales representatives.

42. Defendants' conduct in this matter caused or contributed to cause the injuries and damages suffered by plaintiff.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43. Plaintiff repeats and realleges each of the allegations contained in the Petition.

44. At the time that defendants designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied

9

and/or distributed the drug Celebrex, defendants knew of the intended, reasonably foreseeable and/or ordinary use of Celebrex and impliedly warranted the drug to be of merchantable quality and safe and fit for such use.

45. Plaintiff, in ingesting Celebrex, reasonably relied upon the skill and judgment of defendants as to whether Celebrex was of merchantable quality and safe and fit for its intended, reasonably foreseeable and/or ordinary use.

46. In breach of the implied warranty given by defendants, Celebrex was not of merchantable quality or safe or fit for its intended, reasonably foreseeable and/or ordinary use because the product was and is unmerchantable, in a defective condition and unreasonably dangerous and unfit for the intended, reasonably foreseeable and/or ordinary purpose for which it was intended as described above.

47. In breach of the implied warranty given by defendants, Celebrex was not of merchantable quality or safe or fit for its intended, reasonably foreseeable and/or ordinary use because, among other things:

   a. Use of Celebrex carried a risk of, among other things, heart attack, stroke and/or death and other serious and life threatening side effects;

   b. Defendants failed to include adequate warnings with the drug that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, of the potential risks and serious side effects of the drug;

   c. Defendants failed to provide adequate post-marketing warnings or instructions after defendants knew or should have known of the potential risks and serious side effects associated with the use of the drug.

48. As a direct, legal, proximate and producing result of defendants' breach of

warranty, plaintiff sustained injury and damages.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

## COUNT VI
## FRAUD

49.     Plaintiff repeats and realleges each of the allegations contained in the Petition.

50.     Defendants recklessly, knowingly, intentionally, and fraudulently misrepresented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, the safety and efficacy of the drug and/or recklessly, knowingly, intentionally and fraudulently concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, material, adverse information regarding the safety and efficacy of Celebrex.

51.     Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, with the intent that they reach users and/or consumers of the drug, including plaintiff.

52.     Defendants either knew or should have known that the representations were false.

53.     Defendants made the misrepresentations and/or actively concealed information concerning the safety and efficacy of the drug with the intention and specific desire that the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, would rely on such in selecting Celebrex as a pain reliever.

54.     Defendants made these misrepresentations and/or actively concealed information concerning the safety and efficacy of Celebrex in its labeling, advertising, product inserts,

11

promotional materials or other marketing efforts.

55. Defendants made these misrepresentations and actively concealed adverse information at a time when defendants knew or should have known that its drug product had defects, dangers and characteristics that were other than what Defendants had represented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiffs. Specifically, defendants misrepresented to and/or actively concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiffs, that:

    a.    There had been insufficient studies regarding the safety and efficacy of the drug;

    b.    The drug was fully and adequately tested, despite knowing that there had been insufficient or inadequate testing of the drug;

    c.    Prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious prothrombotic reactions, including, but not limited to, adverse cardiovascular events;

    d.    Defendants knew or should have known of reports of increased heart attacks and/or strokes associated with the use of the drug;

    e.    Defendants knew or should have known of the greatly increased risk of developing heart attacks and/or strokes associated with use of Celebrex; yet, despite this they were downplaying the risk of the drug.

56. The misrepresentations of and/or active concealment by defendants were perpetuated directly and/or indirectly by defendants, its sales representatives, employees, distributors, agents and/or detail persons.

57. The misrepresentations of and/or active concealment by defendants constitute a continuing tort. Indeed, through defendants' product inserts, defendants continued to

misrepresent the potential risks and serious side effects associated with the use of Celebrex. Moreover, defendants had a post-sale duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, about the potential risks and serious side effects associated with the use of Celebrex in a timely manner, yet they failed to provide such warning.

58. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment of defendants to purchase and ingest Celebrex to her detriment.

59. As a direct, legal, proximate and producing result of the misrepresentations of defendants, plaintiff sustained injury and damages.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

### COUNT VII
### NEGLIGENT MISREPRESENTATION

60. Plaintiff repeats and realleges each of the allegations contained in the Petition.

61. Defendants negligently misrepresented or failed to exercise reasonable care in representing to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, the safety and efficacy of the drug and/or negligently concealed or failed to exercise reasonable care by concealing and failing to disclose to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, material, adverse information regarding the safety and efficacy of Celebrex.

62. Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including

plaintiff, with the intent that they reach users and/or consumers of the drug, including plaintiff.

63.     Defendants made these misrepresentations and/or actively concealed information concerning the safety and efficacy of Celebrex in its labeling, advertising, product inserts, promotional materials or other marketing efforts.

64.     Defendants either knew or should have known that the representations were false.

65.     Defendants knew or should have known that the misrepresentations and/or omissions concerning the safety and efficacy of the drug would be relied upon by the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, in selecting Celebrex as a pain reliever.

66.     Defendants made these misrepresentations and actively concealed adverse information at a time when defendants knew or should have known that its drug product had defects, dangers and characteristics that were other than what defendants had represented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff.  Specifically, defendants misrepresented to and/or actively concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, that:

   a.   There had been insufficient studies regarding the safety and efficacy of the drug;

   b.   The drug was fully and adequately tested, despite the fact that there had been insufficient or inadequate testing of the drug;

   c.   Prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious adverse cardiovascular events and strokes;

   d.   Defendants knew or should have known of reports of heart attacks associated with the use of the drug;

  e. Defendants knew or should have known of the greatly increased risk of heart attacks, strokes and/or death and other serious and life threatening side effects associated with the drug; yet, despite this was downplaying the risks of the drug.

67. The misrepresentations of and/or active concealment by defendants were perpetuated directly and/or indirectly by defendants, their sales representatives, employees, distributors, agents and/or detail persons.

68. The misrepresentations of and/or active concealment by defendants constitute a continuing tort. Indeed, through defendants' product inserts, defendants continued to misrepresent the potential risks and complications associated with Celebrex. Moreover, defendants had a post-sale duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including plaintiff, about the potential risks and serious side effects associated with the use of Celebrex in a timely manner, yet it failed to provide such warning.

69. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment of defendants to purchase and ingest Celebrex to her detriment.

70. As a direct, legal, proximate and producing result of the misrepresentations of defendants, plaintiff sustained injury and damages.

WHEREFORE, plaintiff requests judgment against defendants for a reasonable sum of money damages in excess of $75,000, for punitive damages, for prejudgment and post-judgment interest, for costs herein incurred and expended and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

| | |
|---|---|
| Thomas P. Cartmell | MO #45366 |
| Brian J. Madden | MO #40637 |
| Thomas J. Preuss | MO #54923 |

Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
FAX 816-531-2372

Gerald B. Taylor         AL #TAY026
The Taylor Law Firm
7208 Fairwoods Place
Montgomery, AL  36117
334-775-1025
FAX 334-775-1022

ATTORNEYS FOR PLAINTIFF