AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| _This document relates to_ | CASE NO. 3:08-cv-01638-CRB |
| DOLORES LARKIN, | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, and MONSANTO COMPANY, | **JURY DEMAND ENDORSED HEREIN** |
| Defendants. | |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

## II.

## ANSWER

1. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Allegations Regarding Parties

2. Defendants admit that Plaintiff claims to be a resident of the State of South Carolina.

3. Defendants admit that in 1933 an entity known as Monsanto Company ("1933

---

[1] Plaintiff's Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®. Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 3, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

2  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to

3  Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was

4  incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed

5  its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the

6  agricultural business and does not and has not ever manufactured, marketed, sold, or distributed

7  Celebrex®.  The 2000 Monsanto is not and has never been the parent of either Searle or

8  Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or

9  distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in

10  this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

12  incorporated by reference into Defendants' responses to each and every paragraph of the

13  Complaint referring to Monsanto and/or Defendants.

14  4.    Defendants admit that Searle is a Delaware limited liability company with its principal

15  place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

16  as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

17  Defendants admit that Searle may be served through its registered agent.  Defendants admit that,

18  during certain periods of time, Celebrex® was manufactured and packaged for Searle, which

19  developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be

20  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21  with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of

22  the Complaint.

23  5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

24  business in New Jersey and that Pharmacia is registered to do business in the State of South

25  Carolina.  Defendants admit that, during certain periods of time, Pfizer marketed and co-

26  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

27  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

28  deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants admit that Pfizer is a Delaware corporation and that Pfizer is registered to do business in Illinois.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

7.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.    Defendants deny the allegations in this paragraph of the Complaint.

**Response to Background Allegations**

9.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-4-

and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and medical condition, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   and deny the remaining allegations in this paragraph of the Complaint.

2   14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

3   co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4   law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

5   admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

6   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

7   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8   accordance with their approval by the FDA.   Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10  15.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

12  same.   Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.   Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  **<u>Response to First Cause of Action: Negligence</u>**

19  16.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20  Complaint as if fully set forth herein.

21  17.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.   Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  18.    Defendants state that this paragraph of the Complaint contains legal contentions to which

28  no response is required.   To extent that a response is deemed required, Defendants admit that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  they had duties as are imposed by law but deny having breached such duties. Defendants are

2  without knowledge or information sufficient to form a belief as to the truth of the allegations

3  regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the

4  remaining allegations in this paragraph of the Compliant.

5  19.      Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

7  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information. Defendants state that the potential effects of

9  Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

12  remaining allegations in this paragraph of the Complaint, including all subparts.

13  20.      Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

15  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and

20  deny the remaining allegations in this paragraph of the Complaint.

21  21.      Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  22.      Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25          Answering the unnumbered paragraph following Paragraph 22 of the Complaint,

26  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  **Response to Second Cause of Action: Strict Products Liability Defective Design**

2  23.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3  Complaint as if fully set forth herein.

4  24.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

5  co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

6  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7  admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

8  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

9  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10 accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that

11 Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

12 paragraph of the Complaint.

13 25.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14 with its FDA-approved prescribing information.  Defendants state that the potential effects of

15 Celebrex® were and are adequately described in its FDA-approved prescribing information,

16 which was at all times adequate and comported with applicable standards of care and law.

17 Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

18 dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all

19 subparts.

20 26.    Defendants are without knowledge or information sufficient to form a belief as to the

21 truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

22 same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23 with its FDA-approved prescribing information.  Defendants state that the potential effects of

24 Celebrex® were and are adequately described in its FDA-approved prescribing information,

25 which was at all times adequate and comported with applicable standards of care and law.

26 Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

27 consumers without substantial change from the time of sale.  Defendants deny any wrongful

28 conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    this paragraph of the Complaint.

2    27.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

4    same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

10   dangerous, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining

11   allegations in this paragraph of the Complaint.

12          Answering the unnumbered paragraph following Paragraph 28 of the Complaint,

13   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

14   and deny the remaining allegations in this paragraph of the Complaint.

15   **Response to Third Cause of Action: Strict Products Liability Failure to Warn**

16   29.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

17   Complaint as if fully set forth herein.

18   30.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

20   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

25   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

26   31.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

28   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  32.    Defendants are without knowledge or information sufficient to form a belief as to the

2  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

3  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

8  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

9  33.    Defendants state that this paragraph of the Complaint contains legal contentions to which

10  no response is required.  To the extent that a response is deemed required, Defendants deny the

11  allegations in this paragraph of the Complaint.

12  34.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  35.    Defendants state that this paragraph of the Complaint contains legal contentions to which

19  no response is required.  To the extent that a response is deemed required, Defendants Pfizer,

20  Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

21  breached such duties.  Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore,

23  deny the same.  Defendants state that Celebrex® was and is safe and effective when used in

24  accordance with its FDA-approved prescribing information.  Defendants state that the potential

25  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

26  information, which was at all times adequate and comported with applicable standards of care

27  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28  paragraph of the Complaint.

36.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 36 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Express Warranty of Merchantability**

37.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

38.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

40.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 42 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Breach of Implied Warranty of Merchantability**

43.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

44.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that the potential effects of Celebrex® were and are adequately described in its

2    FDA-approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants Pfizer, Pharmacia, and Searle admit that they

4    provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    45.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

8    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny the remaining allegations in this paragraph of the Complaint.

13   46.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct, deny any breach of warranty, deny that Celebrex® is

18   defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the

19   Complaint.

20   47.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

22   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny any breach of warranty, and deny the remaining

27   allegations in this paragraph of the Complaint, including all subparts.

28   48.    Defendants deny any wrongful conduct, deny any breach of warranty, deny that

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

2  paragraph of the Complaint.

3       Answering the unnumbered paragraph following Paragraph 48 of the Complaint,

4  Defendants deny any wrongful conduct, deny any breach of warranty, deny that Celebrex®

5  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

6  Complaint.

7                  **<u>Response to Sixth Cause of Action: Fraud</u>**

8  49.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's

9  Complaint as if fully set forth herein.

10  50.     Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

12  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information. Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  51.     Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

20  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information. Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  52.     Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information. Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   53.     Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

6   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  54.     Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  55.     Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

20  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint, including all subparts.

26  56.     Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   57.     Defendants state that this paragraph of the Complaint contains legal contentions to which

5   no response is required.  To the extent that a response is deemed required, Defendants Pfizer,

6   Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

7   breached such duties.  Defendants are without knowledge or information sufficient to form a

8   belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore,

9   deny the same.  Defendants state that Celebrex® was and is safe and effective when used in

10  accordance with its FDA-approved prescribing information.  Defendants state that the potential

11  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

12  information, which was at all times adequate and comported with applicable standards of care

13  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15  58.     Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

17  same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

22  and deny the remaining allegations in this paragraph of the Complaint.

23  59.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25          Answering the unnumbered paragraph following Paragraph 59 of the Complaint,

26  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27  and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-01638-CRB

1

**Response to Seventh Cause of Action: Negligent Misrepresentation**

2

60.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3

Complaint as if fully set forth herein.

4

61.    Defendants are without knowledge or information sufficient to form a belief as to the

5

truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

6

same. Defendants state that Celebrex® was and is safe and effective when used in accordance

7

with its FDA-approved prescribing information. Defendants state that the potential effects of

8

Celebrex® were and are adequately described in its FDA-approved prescribing information,

9

which was at all times adequate and comported with applicable standards of care and law.

10

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11

the Complaint.

12

62.    Defendants are without knowledge or information sufficient to form a belief as to the

13

truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

14

same. Defendants state that Celebrex® was and is safe and effective when used in accordance

15

with its FDA-approved prescribing information. Defendants state that the potential effects of

16

Celebrex® were and are adequately described in its FDA-approved prescribing information,

17

which was at all times adequate and comported with applicable standards of care and law.

18

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19

the Complaint.

20

63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21

with its FDA-approved prescribing information. Defendants state that the potential effects of

22

Celebrex® were and are adequately described in its FDA-approved prescribing information,

23

which was at all times adequate and comported with applicable standards of care and law.

24

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25

the Complaint.

26

64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27

with its FDA-approved prescribing information. Defendants state that the potential effects of

28

Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-17-

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    65.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

6    same. Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information. Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   66.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

14   same. Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information. Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint, including all subparts.

20   67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information. Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   68.    Defendants state that this paragraph of the Complaint contains legal contentions to which

27   no response is required. To the extent that a response is deemed required, Defendants Pfizer,

28   Pharmacia, and Searle admit that they had duties as are imposed by law but deny having

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

breached such duties. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 70 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  negligence and by the failure to mitigate damages.

2  ### Eighth Defense

3  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

4  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

5  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

6  liable in any way.

7  ### Ninth Defense

8  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

9  intervening causes for which Defendants cannot be liable.

10  ### Tenth Defense

11  10.    Any injuries or expenses incurred by Plaintiff was not caused by Bextra®, but were

12  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

13  of God.

14  ### Eleventh Defense

15  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

16  ### Twelfth Defense

17  12.    A manufacturer has no duty to warn patients or the general public of any risk,

18  contraindication, or adverse effect associated with the use of a prescription medical product.

19  Rather, the law requires that all such warnings and appropriate information be given to the

20  prescribing physician and the medical profession, which act as a "learned intermediary" in

21  determining the use of the product.  Bextra® is a prescription medical product, available only

22  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

23  treating and prescribing physicians.

24  ### Thirteenth Defense

25  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

26  time it left the control of the manufacturer or seller.

27  ### Fourteenth Defense

28  14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Twenty-second Defense

2   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

3   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

4   and Plaintiff's causes of action are preempted.

5

### Twenty-third Defense

6   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

7   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

8   issue under applicable federal laws, regulations, and rules.

9

### Twenty-fourth Defense

10   24.    Plaintiff's claims are barred in whole or in part because there is no private right of

11   action concerning matters regulated by the Food and Drug Administration under applicable

12   federal laws, regulations, and rules.

13

### Twenty-fifth Defense

14   25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

15   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

16   of Comment j to Section 402A of the Restatement (Second) of Torts.

17

### Twenty-sixth Defense

18   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

19   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

20   Restatement (Second) of Torts § 402A, Comment k.

21

### Twenty-seventh Defense

22   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

23   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

24   to § 6 of the Restatement (Third) of Torts: Products Liability.

25

### Twenty-eighth Defense

26   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

27   Products Liability.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitutions of the States of Massachusetts and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Massachusetts and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

2    538 U.S. 408 (2003).

3                                    **Thirty-ninth Defense**

4    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

5    and marketing of Bextra®, if any, used in this case, included adequate warnings and

6    instructions with respect to the product's use in the package insert and other literature, and

7    conformed to the generally recognized, reasonably available, and reliable state of the

8    knowledge at the time the product was marketed.

9                                    **Fortieth Defense**

10    40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12    the time of the sale.

13                                    **Forty-first Defense**

14    41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

15    belief, such injuries and losses were caused by the actions of persons not having real or

16    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

17    no control and for whom Defendants may not be held accountable.

18                                    **Forty-second Defense**

19    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21    intended, and was distributed with adequate and sufficient warnings.

22                                    **Forty-third Defense**

23    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24    waiver, and/or estoppel.

25                                    **Forty-fourth Defense**

26    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

27    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-26-

1    independent of or far removed from Defendants' conduct.

2    **Forty-fifth Defense**

3    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4    did not proximately cause injuries or damages to Plaintiff.

5    **Forty-sixth Defense**

6    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

7    did not incur any ascertainable loss as a result of Defendants' conduct.

8    **Forty-seventh Defense**

9    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10    manufacturing, labeling, packaging, and any advertising of the product complied with the

11    applicable codes, standards and regulations established, adopted, promulgated or approved by

12    any applicable regulatory body, including but not limited to the United States, any state, and

13    any agency thereof.

14    **Forty-eighth Defense**

15    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

16    product labeling contained the information that Plaintiff contends should have been provided.

17    **Forty-ninth Defense**

18    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19    outweighed its risks.

20    **Fiftieth Defense**

21    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

22    collateral sources.

23    **Fifty-first Defense**

24    51.    Defendants' liability, if any, can only be determined after the percentages of

25    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

26    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

27    claimants and each and every other person whose fault could have contributed to the alleged

28    injuries and damages, if any, of Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 | May 30, 2008                                    GORDON & REES LLP

2

3                                                   By: : _____/s/_____
4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
5                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
6                                                        San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
7                                                        Fax:  (415) 986-8054

8 | May 30, 2008                                    TUCKER ELLIS & WEST LLP

9

10                                                  By: : _____/s/_____
                                                         Michael C. Zellers
11                                                       michael.zellers@tuckerellis.com
                                                         515 South Flower Street, Suite 4200
12                                                       Los Angeles, CA  90071-2223
                                                         Telephone:  (213) 430-3400
13                                                       Fax:  (213) 430-3409

14                                                       Attorneys for Defendants
                                                         PFIZER INC., PHARMACIA
15                                                       CORPORATION, AND G.D. SEARLE
                                                         LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY DEMAND

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 30, 2008    GORDON & REES LLP

6

7   By: :_____/s/_____

8   Stuart M. Gordon
    sgordon@gordonrees.com

9   Embarcadero Center West
    275 Battery Street, 20th Floor

10  San Francisco, CA  94111
    Telephone:  (415) 986-5900

11  Fax:  (415) 986-8054

12  May 30, 2008    TUCKER ELLIS & WEST LLP

13

14  By: :_____/s/_____

15  Michael C. Zellers
    michael.zellers@tuckerellis.com

16  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223

17  Telephone:  (213) 430-3400
    Fax:  (213) 430-3409

18  Attorneys for Defendants
    PFIZER INC., PHARMACIA

19  CORPORATION, AND G.D. SEARLE
    LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111